FRANK A. SEYMOUR and Another v. DENNIS RYAN and Others.[1]

December 23, 1904.

Nos. 14,091—(145).

**Bill of Sale.**

A certain instrument construed, and *held* to constitute a bill of sale or assignment, and not a mortgage, of the surplus rents and profits accumulating in the hands of a trustee.

**Conduct of Parties.**

The conduct of the parties with respect to the purpose of the instrument did not conclusively show that it was intended as a mortgage for the security of the debt.

**Evidence.**

The findings of the court are sustained by the evidence.

Plaintiffs having recovered a judgment against defendant Ryan the same was assigned to Urban Investment Company, which thereafter instituted garnishment proceedings in the district court for Ramsey county against Minnesota Loan & Trust Company. Whereupon Thomas F. Keeley intervened, claiming under an assignment from Ryan to be entitled to the fund in possession of the garnishee. The issues between the Urban Investment Company and the intervening claimant were tried before Olin B. Lewis, J., who found in favor of claimant. From an order denying a motion for a new trial, Urban Investment Company appealed. Affirmed.

*J. F. Fitzpatrick,* for appellant.

*C. D. & Thos. D. O'Brien,* for respondent.

LEWIS, J.

Garnishee proceedings by appellant, a judgment creditor of Dennis Ryan, to recover a sum of money claimed to belong to Ryan, in the hands of the Minnesota Loan & Trust Company, garnishee.

This appeal involves the construction of the following instrument:

This indenture made this twenty second day of December A. D. 1900, witnesseth: That Dennis Ryan of the city of St.

[1]Reported in 101 N. W. 958.

Paul, Ramsey county, state of Minnesota, party of the first part, for and in consideration of the party of the second part having loaned to him the sum of $25,000, for which he now acknowledges himself to be indebted, and for other good and valuable consideration to said party of the first part in hand paid, the receipt whereof is hereby acknowledged, has sold, assigned and set over  *  *  *  to Thomas F. Keeley of the city of Chicago, county of Cook and state of Illinois, party of the second part, all and singular the rents, issues and profits which may arise out of or be procured from certain property known as the Hotel Ryan, located  *  *  *  in the city of St. Paul, county of Ramsey and state of Minnesota. Subject, however, to any and all rights and interests now held or owned by the Minnesota Loan & Trust Company under and by virtue of a certain mortgage heretofore given to that company upon said property.

The instrument also contains a recital to the effect that the rents should be collected by the first party free of cost to the second party, and turned over to him to be applied upon the indebtedness, and that, if the second party should feel himself insecure at any time, he might, through himself or agents, enter upon the premises, take possession, and collect the rents, issues, and profits, and, if he deemed it advisable, he might expend such parts of the rents and issues for taxes, and interest upon the mortgage, premiums for insurance, and alterations and repairs, as, in his judgment, he deemed proper. The agreement also authorized the employment of attorneys to prosecute actions for the recovery of rents, and closed with the following clause:

This agreement shall continue in full force and effect until such time as said party of the second part shall have been paid said sum of $25,000, with interest thereon, and also all outlays and expenses which may have been made or incurred under this agreement.

The trial court found that Ryan was the owner of the premises, and that the same was mortgaged under a trust deed, of date December 1, 1889, to the Minnesota Loan & Trust Company, as trustee; that the trustee was in possession of the property under the mortgage, and a power of attorney thereunder executed, which authorized the trust

company to rent the premises, and collect and receive all rents, to pay taxes, assessments, insurance, and interest, and to make repairs, and, after the payment of such charges, to turn the surplus, if any, over to the owner, Ryan.

The court further found that December 22, 1900, Ryan in good faith, for an actual consideration of $25,000, sold, assigned, and set over to respondent, Keeley, all and singular, the rents, issues, and profits arising from, or which should thereafter arise from, the property, subject only to the rights and interests of the Minnesota Loan & Trust Company under its mortgage, until respondent should receive or be paid the sum of $25,000; that there was still due on account of such indebtedness a sum greater than $12,000; that December 23, 1903, there was in possession of the Minnesota Loan & Trust Company, as trustee, a surplus balance of $5,295.55, which had accumulated subsequent to December 1, 1902, which sum was then due and payable to Ryan absolutely, over and above all claims, by the Minnesota Loan & Trust Company. As a conclusion of law, it was found that respondent was entitled to recover such amount, and that appellant had no interest therein.

The rents and profits to accrue were subject to sale. This is admitted, but it is asserted that upon its face the instrument purports to be a conveyance for the security of money; that it is a real estate or chattel mortgage, and hence should have been placed upon record. But if not a mortgage in form, it was so treated, and appellant, having no notice thereof, was entitled to precedence; conceding that the instrument was sufficient to convey title to the funds as between the parties. The instrument is a straight assignment to Keeley of whatever surplus might accumulate in the hands of the trustee. The character of the instrument is in no way changed by the fact that it embodies an agreement authorizing the grantee to collect the rents himself, if he saw fit, or that the rents should be collected free of cost to the party of the second part, who, if he so desired, might expend the receipts to take care of the prior incumbrance, or for the betterment of the premises. Those provisions are not inconsistent with the direct and positive terms of the conveyance. Title passed absolutely, and there was nothing upon the face of the instrument to indicate any intention to retain title in the grantor. The conduct of the parties does not necessarily lead

to the conclusion that the instrument was intended to operate as a mortgage. The facts that it was given to meet an indebtedness which had existed for some time, that Keeley held other security for the same indebtedness, and that the debt had been reduced to about $12,000 by realizing upon some of the collateral, do not necessarily indicate an intention of the parties to treat the transfer as security. There is no inconsistency in the fact that the amount of the rents and profits to be applied was not specifically stated, it being definitely limited to $25,000 of the accumulating surplus. The evidence was sufficient to sustain the findings.

Order affirmed.